IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Roberts, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00567 |
| v. | : | Judge Sargus |
| Trent Patterson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# REPORT AND RECOMMENDATION

Plaintiff Michael Roberts, a State prisoner, brings this action under 42 U.S.C. § 1983 alleging violation of his First Amendment right of access to the courts. This matter is before the Magistrate Judge on defendants' March 26, 2014 motion for judgment on the pleadings (doc. 22).

### I. Allegations in the Complaint

The complaint alleges that defendants Cathy Pummill and Correction Officer Kimberly Sanson at different times independently and acting in concert with one another confiscated and deleted plaintiff Roberts' computer files. Doc. 5; Compl. at ¶ 11. Based on the alleged conduct of Pummill and Sanson, Roberts filed informal complaints against them. Following these informal complaints, he was subjected to retaliation by being written up for fraudulent conduct reports. *Id*. at ¶ 12. The complaint asserts defendant Trent Patterson falsified documents in an effort to corrupt the outcome of the

official RIB proceedings. *Id*. at ¶ 13. Patterson confiscated Roberts' legal material, work product, and clearly marked legal mail. *Id*. at ¶ 14.

Defendant Corby Free conspired with others and advocated for the issuance of falsified conduct reports and pressured RIB Director, Rick Branham, to overturn his not guilty decision. *Id*. at ¶ 15.

In May 2010, after preparing a motion for his state habeas action, Roberts asked defendant Pummill to print out his saved documents, but she refused to give him the printed documents after deducting his funds with his cash slip. Pummill told him that he was not permitted to type for other inmates. When Roberts complained to defendant Corby Free, Free said that if Roberts was typing for another inmate, that inmate had to be sitting next to him. Compl. Branch II; PageID# 204 at ¶¶ 3-4. The following odd-numbered date, Pummill informed Roberts that he was going to be sorry for complaining to Free. *Id.* at ¶ 6.

On November 8, 2011, Pummill read all of Roberts' computer files and compared his files with court filings. When she found that some documents matched court filings in other inmates' cases, she deleted those filings. *Id.* at ¶ 7. The complaint alleges this conduct deprived Roberts of his right to access the courts and his intellectual property. Pummill refused to print out documents for him. *Id.* at ¶ 13. On November 17, 2011, Roberts filed informal complaints against Pummell. *Id.* at ¶ 14. The complaint also alleges that in May 2012 Pummill deleted Roberts's eleven page memorandum. *Id.* at ¶¶ 16-18. On May 10, 2012, defendant Patterson issued a conduct report against Roberts

2

alleging that typed another inmate's legal work on a day that Roberts was not in the law library. *Id.* at ¶ 19.

On May 17, 2012, after complaining to Free about Pummill and Paterson's conduct, Patterson had Roberts's legal material seized and he was placed in segregation. *Id.* at ¶¶ 22-25. Roberts was brought before the RIB on charges that he was extorting inmates by hiding their legal work. *Id.* at ¶ 28. The complaint alleges that RIB proceedings were improper. *Id.* at ¶¶ 28-30. He was found guilty and placed in segregation and subjected to extreme heat, rat infestation, black worms in the drains, and a dilapidated mattress on a steel bunk. *Id.* at ¶ 30.

"Branch IV" of the complaint asserts that the grievance process is a sham legal process that is administered in a perfunctory manner. PageID 210 at ¶ 1. The complaint alleges that Pummill, Patterson, Free, Rheinsheld and Branham colluded with one another to deprive Roberts of his Fourteenth Amendment rights. *Id.* at ¶ 2. Pummill, Patterson, Free, Rheinsheld and Branham retaliated against Roberts for using the inmate grievance procedure. *Id.* at ¶¶ 3-8.

Plaintiff attached an addendum detailing further allegations concerning defendants Sanson, Pummill, Rheinsheld, Free, Branham, and Patterson.

## II. Arguments of the Parties

### A. Defendants

Defendants argue that plaintiff's complaint does not provide the Court with the details necessary for it to determine whether plaintiff is entitled to the monetary and

injunctive relief that he seeks. Plaintiff repeatedly alleges that he was put in segregation and that he fears retaliation. Plaintiff fails to provide sufficient allegations concerning the retaliation conduct of defendant Sanson. Defendants maintains that it is impossible to determine which facts are meant to allege a constitutional violation.

Defendants maintain that plaintiff's complaint fails to demonstrate that defendants violated plaintiff's constitutional rights because it fails to contain direct or inferential allegations respecting all the material elements under a viable legal theory. At most, plaintiff's complaint is about unspecified retaliation. Defendants characterize plaintiff's complaint as a "buckshot" complaint--one that aims in the general direction of the Constitution. Defendants argue that Rule 20 of the Federal Rules of Civil Procedure does not permit a complaint to join defendants in the manner that plaintiff does. According to defendants, plaintiff has attempted to combine many unrelated claims into one lawsuit and that the claims against the defendants properly belong in multiple cases. Defendants maintain that they share no common elements. Defendants argue that plaintiff's claims regarding access to the law library, his placement in segregation, and retaliation do not arise from the same transaction, occurrence or series of transactions or occurrences.

### B.    Plaintiff

Plaintiff argues that he has provided defendants with enough particularized facts to establish their individual liability for depriving plaintiff of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. Plaintiff maintains that for approximately

two years, plaintiff regularly visited the law library. Plaintiff never received a conduct report from defendants Pummill, Paterson, and Sanson until he initiated informal complaints against them. Plaintiff maintains that he was not retaliated against until his 26(A) motion in his state habeas case was denied. Plaintiff argues that his complaint demonstrates he engaged in protective conduct; was deprived of fair access to the courts; was retaliated against for using the law library to file his successful civil action against CCI; was deprived of any real or meaningful due process in the RIB hearings; and deprived of his state created liberty interest under Ohio Revised Code § 2929.20.

Plaintiff was concerned that he would be set-up because he had witnessed other inmates have knives or drugs placed in their personal property and then be indicted. Based on these concerns, plaintiff contacted the Director of Correctional Institution Inspection Committee, the Ohio State Highway Patrol and an attorney. Plaintiff maintains that he was thrown in the hole and had his security increased and transferred to a more dangerous facility as he had predicted.

Plaintiff argues that defendants have attempted to trivialize the essence of what plaintiff is alleging by contending that he filed his complaints because he was attempting to access the law library at his convenience to finish a manuscript. Instead, plaintiff was engaged in litigation concerning his criminal appeal when he suffered retaliation by defendants Pummill, Sanson and Patterson.

Plaintiff argues that the complaint provides specific dates, times and locations concerning the defendants' removing plaintiff's legal work product from the law library

5

computers, denying his access to the courts, and retaliating against him. Plaintiff maintains that he did not suffer any retaliation from the library staff until he filed his civil action against the CCI and filed informal complaints against defendants.

**III.  Judgment on the Pleadings**

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable

6

inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

**IV.    Discussion**

Defendants primarily argue that plaintiff's complaint should be dismissed because it fails to comply with Rule 20(a)(2). Under Rule 20(a)(2), persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. . . ." Fed. R. Civ. P. 20(a)(2)(A).

7

Here, the complaint alleges a series of related occurrences. The complaint contains detailed allegations concerning Roberts' attempts to use the law library. Plaintiff contends that on numerous occasions his work was removed from the law library computers by staff. Following these alleged incidents, plaintiff maintains that he filed his informal complaint and grievances in accordance with the grievance procedure. Plaintiff further alleges that in retaliation for his complaints and grievances, false conduct reports were issued against him in retaliation for his attempts to utilize the grievance procedure. He also alleges that the RIB process was purposefully manipulated to further retaliate against plaintiff. Defendants, however, make no effort to demonstrate that plaintiff has failed to state a claim for retaliation in violation of the First Amendment.

Defendants also argue that plaintiff has failed to clarify which allegations he has fully grieved. Failure to exhaust prison administrative remedies is an affirmative defense. The Supreme Court has determined that an inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock,* 549 U.S. 199, 212–17 (2007). *See also Massey v. Helman,* 196 F.3d 727, 735 (7th Cir.2000) ("Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense."). If defendants believe that plaintiff has failed to exhaust his administrative remedies, they should file a motion to dismiss detailing which claims they believe have not been fully exhausted. It is defendants' burden to demonstrate such failure.

8

Defendants further argue that plaintiff's complaint should be dismissed because it fails to comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While it is true that the complaint could have been drafted more concisely, I cannot say that it is "too lengthy to summarize in detail" or that it is "tedious and difficult to follow" as defendants argue. *Flaytor v. Wi. Dept. of Corrections*, 16 Fed. App'x 507, 508 (7th Cir. 2001).

## V. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants' March 26, 2014 motion for judgment on the pleadings (doc. 22) be DENIED. Defendants' March 26, 2014 motion to stay discovery (doc. 23) is DENIED as MOOT. Plaintiff's June 5, 2014 motion for an enlargement of time (doc. 27) is GRANTED. Discovery must be completed by June 30, 2014, and Dispositive motions must be filed no later than July 30, 2014.

Defendants are DIRECTED to file a response to plaintiff's June 5, 2014 motion to compel (doc. 28) and his March 17, 2014 reply to defendants' response objecting for production of documents (doc. 21) no later than June 19, 2014.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge
