UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ROBERTS,
    Plaintiff,
v.

Civil Action 2:13-cv-567
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

TRENT PATTERSON, et al.,
    Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's objection (ECF No. 45) to the Magistrate Judge's order (ECF No. 42) denying Plaintiff's motion for appointment of counsel (ECF No. 35). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection and **UPHOLDS** the Magistrate Judge's Order.

**I. BACKGROUND**

Plaintiff Michael Roberts is a *pro se* litigant proceeding *in forma pauperis*. On June 14, 2013, Roberts filed a complaint seeking rights to jury demand, compensatory or nominal damages in the amount of $3,000 per Defendant, punitive or exemplary damages in the amount of $1,000 per Defendant, injunctive relief from further retaliation in the form of a transfer to a different correctional facility, costs associated with the action, expungement of all false conduct report violations from his institutional record, and any other equitable relief this Court deems appropriate. (ECF No. 5 at 34.) Roberts' motion for leave to proceed *in forma pauperis* (ECF No. 1) was granted by the Magistrate Judge. (ECF No. 4.)

Also on June 14, 2013, Roberts filed a motion to appoint counsel (ECF No. 2.) which was subsequently denied by the Magistrate Judge (ECF No. 9). On December 11, 2013, Roberts filed a second motion to appoint counsel. (ECF No. 17.) The Magistrate Judge denied Plaintiff's

1

request. (ECF No. 18.) On June 23, 2014, Roberts filed a third motion for appointment of counsel, styling it as a motion for request to seek appointment of *pro-bono* counsel. (ECF No. 35.) The Magistrate Judge again denied Plaintiff's request. (ECF No. 42.) Roberts timely filed an objection to the Magistrate Judge's Order. (ECF No. 45.)

## II. STANDARD

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders of issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

The Court notes that a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance,* 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. DISCUSSION

Under 28 U.S.C. § 1915(e)(1), "the Court is empowered to appoint counsel brought by *pro se* prisoners." *Quinn v. Tackett*, Case No. 1:10-cv-590, 2012 WL 1926397, at *1 (S.D. Ohio May 25, 2012). However, the "'[a]ppointment of counsel in a civil case is a privilege that is

justified by only exceptional circumstances.'" *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1983) (citations and internal quotation marks omitted)). Whether to appoint "counsel to civil litigants is a decision left to the sound discretion of the district court [which] will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (internal citation and quotation marks omitted)). Moreover, the determination of whether "[a]ppointment of counsel is appropriate…involves the consideration of the 'complexity of the factual and legal issues involved' and an examination of 'the type of case and the abilities of the plaintiff to represent himself.'" *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005) (quoting *Lavado*, 992 F.2d at 606).

In an affidavit attached to his motion to appoint counsel, Roberts set forth the reasons he should be appointed counsel, including, but not limited to: Defendants have individually and collectively deprived him of his constitutional rights, as demonstrated by the alleged tampering with of his legal work that he had saved on a computer in the law library; Plaintiff's imprisonment and transfers to two other facilities, all of which have hampered his ability to litigate his claims; and the submission of several "denial letters" showing that he diligently sought representation without success. (ECF No. 35 at 3.)

The Magistrate Judge found that Roberts had "failed to demonstrate a substantial likelihood that his claims have merit. Further, the pleadings [that Roberts] filed demonstrate that he has the ability to represent himself." (ECF No. 42 at 2.) In so finding, the Magistrate Judge considered different factors, noting that Plaintiff's chance of success on the merits is of particular importance. (*Id.* at 1-2) (internal citations omitted).

Plaintiff, in his motion for reconsideration, asserts that he has provided substantial evidence to demonstrate that his claims are meritorious. (ECF No. 45.) He states that he has "submitted documentation to this [C]ourt that he acted with due diligence in trying to seek professional counsel." (*Id.* at 1.) Roberts sent out three requests for counsel, each of which was denied. Plaintiff further contends that the evidence he has submitted "clearly establishes" that he was repeatedly denied various rights in prison, including unlawful deprivation of fair access to the courts, deletion of his work from the law library computers, retaliation for filing grievances, and wrongful placement into segregation.[1] (*Id.* at 1-2.) Plaintiff then addresses what he considers to be the extraordinary circumstances of his case:

> 1) Plaintiff was systematically prevented from fully developing discoverable evidence in which to support his case.
> 2) Plaintiff suffered prejudice by being placed in segregation, transferred to a lock down 23 [hours per] day facility, then transferred again to another facility just two weeks before his date of release.
> 3) Blindsided, (without the benefit of counsel) into a deposition the very next day of being released back into society after serving [approximately] 60 [m]onths.
> 4) The inability to have defendants and favorable witnesses deposed.
> 5) Given the difficulty of the case[,] Plaintiff is precluded from availing himself against a well[-]trained and well[-]funded State entity[.]
> 6) Plaintiff's poverty status simply puts him at [an] extreme disadvantage to do the things necessary to protect his claims of deprivation by the defendants.

(*Id.* at 2-3.) Finally, Plaintiff insists that the appointment of a competent attorney would help organize the facts of his case, and allow him to present his alleged constitutional violations before a judge and jury. (*Id.* at 3.)

---

[1] Plaintiff refers to "the hole," but does not explain to what he is referring. However, he uses "the hole" and "segr[e]gation" in the same sentence (ECF No. 5 at 13), which leads this Court to assume that "the hole" is a type of special confinement used at the correctional facility.

It is well settled that the appointment of counsel in a civil case is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 605-06; *see also Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001); *Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002). To determine whether such circumstances exist, "courts have examined 'the type of case and the abilities of the plaintiff to represent himself[,]'...[which] generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Richmond*, 450 F. App'x at 452 (quoting *Lavado*, 992 F.2d at 605-06) (internal citations omitted). Here, Plaintiff's pleadings do not show that this is a complex case. Moreover, as the Magistrate Judge found, Plaintiff's filings show that Plaintiff has the ability to represent himself. *Id.* at 452-53; *see also Cleary v. Muksasey*, 307 F. App'x 963, 965-66 (6th Cir. 2009) (holding that, even if the district court had abused its discretion in denying the plaintiff's request for appointment of counsel, the plaintiff was not prejudiced as shown by his adherence to the scheduling order and responses to various filings). Thus, barring evidence that this case contains exceptional circumstances, this Court will not appoint counsel at this time. Given the facts and evidence presented, the Magistrate Judge concluded properly that the appointment of counsel is not warranted in this case.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Objection (ECF No. 45) is **OVERRULED**. This Court, therefore, **UPHOLDS** the Magistrate Judge's Order (ECF No. 42).

**IT IS SO ORDERED.**

3-11-2015
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE