```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Michael Roberts,                :

      Plaintiff,            :

    v.                         :    Case No. 2:13-cv-567

Trent Patterson, et al.,        :    JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Kemp
      Defendants.           :

### REPORT AND RECOMMENDATION

    On December 15, 2014, defendants filed a motion for summary judgment, together with a supporting memorandum of law.  Despite the requirement under Local Rule 7.2(a)(2) that a memorandum opposing the motion be filed within 21 days from the date of service of the motion, no such memorandum was filed.

    In an order issued on February 5, 2015, Plaintiff was ordered to file an opposing memorandum, if any, within fourteen days.  When he did not, on February 23, 2015, the Court ordered him to show cause within fourteen days why the case should not be dismissed for want of prosecution.  Plaintiff has not responded to that order.

    If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b).  <u>Link v. Wasbash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief.  <u>Dynes v. Army Air Force</u>

Exchange Service, 720 F.2d 1495 (11th Cir. 1983).  Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs.  Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion. See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

 Plaintiff's failure to respond to the summary judgment motion and to two orders indicates a clear failure to prosecute. Under those circumstances, the Court is justified in dismissing the case for failure to prosecute.  Consequently, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

## Procedure on Objections

 If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

 The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and

Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge